UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MELANIE EVANS                          CIVIL ACTION NO. 6:11-cv-00629

VERSUS                                 JUDGE HAIK

BRUCE FOSTER,                          MAGISTRATE JUDGE HANNA
TERRIWILL HAULING, INC., and
STAR INSURANCE COMPANY

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Defendant Star Insurance Company removed this action from state court, alleging that this Court has jurisdiction over this matter, under 28 U.S.C. § 1332, because the parties are diverse in citizenship and the matter in controversy exceeds $75,000.00.  (Rec. Doc. 1 at 3).  The undersigned reviewed the pleadings and now finds that the requirements for diversity jurisdiction have not been satisfied.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1]  In this case, Star must bear that burden.

A.     THE AMOUNT IN CONTROVERSY

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in his complaint, the party invoking the Court's jurisdiction has

---

[1]        *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[2]  To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[3]  In this case, the plaintiff does not seek a determinate amount of damages in her complaint.

The undersigned concludes that the jurisdictional amount is not "facially apparent" from the complaint because the facts alleged in the complaint are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.  Neither the nature nor the extent of Ms. Evans's injuries are apparent from the face of the petition.  Similarly, no indication of the value of her damages is apparent from the face of the petition.  She did not pray for trial by jury nor did she include in her petition the jurisdictional statement required by Louisiana Code of Civil Procedure Article 893(A)(1), which states that "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."

---

[2]     *St. Paul Reinsurance*, 134 F.3d at 1253.

[3]     *St. Paul Reinsurance*, 134 F.3d at 1253.

The undersigned simply cannot tell whether the amount in controversy is satisfied in this case or not.

**B.    DIVERSITY OF CITIZENSHIP**

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[4]  The petition filed in this action alleges that the plaintiff is a resident of Louisiana and that defendant Bruce Foster is a resident of Alabama.  But the citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[5]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[6]  Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[7]  For that reason, the undersigned will accept that the plaintiff is a Louisiana citizen and that Mr. Foster is an Alabama citizen if there is no objection from the other parties.

---

[4]    *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[5]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[6]    *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[7]    *Hollinger*, 654 F.3d at 571.

-3-

The plaintiff sued Terriwill Hauling, Inc. but, in its answer, Terriwill Hauling, LLC alleged that it is the proper defendant in this lawsuit.  (Rec. Doc. 9 at 1).  Even the documentation provided by Star in support of removal shows a record from the Alabama Secretary of State regarding Terriwill Hauling, LLC not Terriwill Hauling, Inc.  A limited liability company is a citizen of every state in which any member of the company is a citizen,[8] and "the citizenship of a LLC is determined by the citizenship of *all* of its members."[9]  Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[10]  If any one of the members is not diverse, the limited liability company is not diverse.  Star has not identified the members of this company or provided their citizenship.

---

[8]        See, *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).

[9]        *Harvey v. Grey Wolf*, 542 F.3d at 1080.  [Emphasis added.]

[10]        See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs*., 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members); *Randolph v. Wyatt*, No. 09-2020, 2010 WL 299257, at *1 (W.D. La. Jan. 19, 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, No. 09-1691, 2009 WL 5198183, at *1 (W.D. La. Dec. 22, 2009).  See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

Although Star states that it is domiciled in Michigan, the information provided is incomplete.  Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business.  Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[11]

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, Star shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional minimum.  These facts should be supported with summary-judgment-type evidence.  The plaintiff will be allowed seven days to respond.

Signed at Lafayette, Louisiana, this 15th day of November 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[11]   *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

-5-